# IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE

| | |
|---|---|
| REBECCA KOONCE, <br>                 Plaintiff(s), <br> vs. <br> MORRIS COMMUNICATIONS COMPANY, LLC <br> and MORRIS PUBLISHING GROUP, LLC, <br>                 Defendant(s). | CASE NO. 3AN- 17-05042 CI <br><br> SUMMONS AND <br> NOTICE TO BOTH PARTIES <br> OF JUDICIAL ASSIGNMENT |

To Defendant: Morris Publishing Group, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Jeffrey W. Robinson, whose address is: 1227 W. 9th Ave., #200 Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge EASTER and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____

FEB 23, 2017
Date

CLERK OF COURT
By: _____ Deputy Clerk

I certify that on 2/23/17 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk: _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(st.3)                                                                              Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

REBECCA KOONCE, )
)
Plaintiff, )
)
vs. )
)
MORRIS COMMUNICATIONS )
COMPANY, LLC and MORRIS )
PUBLISHING GROUP, LLC, ) Case No.: 3AN-17-_____CI
)
Defendant. )

## COMPLAINT

Plaintiff Rebecca Koonce, by and through counsel Ashburn and Mason, P.C., alleges the following against Defendants Morris Communications Company, LLC and Morris Publishing Group, LLC:

### PARTIES

1. Plaintiff Rebecca Koonce ("Koonce") is a resident of the State of Alaska.

2. Defendant Morris Publishing Group, LLC ("MPG") is a wholly owned subsidiary of Defendant Morris Communications Company, LLC ("Morris"), a privately held media company based in Augusta, Georgia.

3. MPG has numerous Alaskan holdings, including the Peninsula Clarion, a daily newspaper in Kenai, Alaska.[1]

4. MPG and Morris are believed to be in good standing.

---

[1] Further discovery is necessary to determine the relationship between Defendants and to determine whether additional associated entities must be named in this action, including but not limited to "Morris Media Network" and "Morris Communications Corporation".

{11554-001-00392445;4} Page 1 of 7

5. The corporate headquarters for Defendants' Alaska operations, including their Human Resources Departments, are located in Anchorage, Alaska.

## JURISDICTION

6. This Court has jurisdiction of this matter pursuant to AS 22.10.020(a).

7. The Superior Court has personal jurisdiction over Morris pursuant to AS 09.05.015(a) because it is a domestic corporation.

8. Venue is proper in this Court under Alaska Rule of Civil Procedure 3 and AS 22.10.030.

## FACTUAL ALLEGATIONS

9. In October 2015 Defendants offered Koonce a full-time employment position as Advertising Manager at the Peninsula Clarion in Kenai, Alaska.[2]

10. Defendants promised Koonce an annual salary of $65,000.00 plus the opportunity to receive a performance bonus yielding up to $20,000.00 per year.

11. Koonce accepted the Offer and began working for Defendants on or about October 21, 2015.

12. Defendants held Koonce out to be the Sales Department Supervisor and/or Director in Sales of the Peninsula Clarion.[3]

13. From her employment commencement date through early July 2016 Defendants paid Koonce her salary in accordance with the October 2015 contract.

---

[2] The offer letter is attached as **Exhibit A** ("Offer").

[3] *See* Payroll email dated October 21, 2015 and System Access Request Form dated October 20, 2015 attached as **Exhibit B**.

COMPLAINT Page 2 of 7
*Koonce v. Morris Communications and Morris Publishing*, Case No. 3AN-17_____CI

{11554-001-00392445;4}

14. Defendants rewarded Koonce with bonuses and commission for meeting performance goals in accordance with the October 2015 contract.

15. Defendants never provided a 90 day or six month employee review.

16. In May 2016 Morris named Deedie McKenzie ("McKenzie") publisher of the Peninsula Clarion.

17. As of approximately the middle of May 2015, in addition to her sales responsibilities described above, Koonce assumed regional marketing manager responsibilities, requiring Koonce to travel to Homer, Anchorage, and Juneau.

18. On July 7, 2016, Koonce received a memorandum titled "CONFIDENTIAL" from McKenzie.

19. The memorandum accused Koonce of misusing the Corporate Card ("P-Card"), cut her salary by $20,000.00 (more than 30% of her annual base salary) effective July 4, 2016, and unilaterally tasked Koonce with "handling Marketing for the Peninsula Clarion".

20. The memorandum surprised Koonce because in a prior conversation with McKenzie, McKenzie presented the marketing responsibilities as a "promotion."

21. McKenzie subsequently orally promised Koonce up to $1,500 per month in bonuses and three percent (3%) of any sales proceeds moving forward, an amount which was still lower than the amount paid out under the October 2015 contract.

22. McKenzie failed to provide Koonce a job description, list of responsibilities, duties, or expectations.

COMPLAINT Page 3 of 7
*Koonce v. Morris Communications and Morris Publishing*, Case No. 3AN-17_____CI
{11554-001-00392445;4}

Case 3:17-cv-00072-TMB  Document 1-1  Filed 04/03/17  Page 4 of 16
Notice of Removal
Exhibit A, Page 4 of 16

23. McKenzie failed to secure Koonce's written acceptance of the purported demotion.

24. McKenzie was wildly inconsistent regarding what tasks she wished for Koonce to perform in her "new" position.

25. Despite the salary cut and apparent demotion, Koonce's job responsibilities *increased* after July 7, 2016.

26. On October 10, 2016, Laurie Hume ("Hume"), Defendants' Human Resources Director for Alaska at the time, informed Koonce over the phone that the Defendants were placing Koonce on paid leave pending review of expense reports.

27. Koonce offered to provide any additional material necessary to complete the review.

28. Hume failed to communicate any meaningful parameters or expectations for the interim "review" period.

29. For instance, Hume did not state Koonce was barred from entering the Peninsula Clarion office building ("Office Building").

30. Hume's call to Koonce lasted less than 2 minutes.

31. Given Koonce was not informed by Hume how long the review would take and was not told in any way she could not return to the Office Building, she entered the Office Building on October 12, 2016 after work hours to retrieve medication and some personal items from her desk.

COMPLAINT Page 4 of 7
*Koonce v. Morris Communications and Morris Publishing,* Case No. 3AN-17_____CI
{11554-001-00392445;4}

Case 3:17-cv-00072-TMB   Document 1-1   Filed 04/03/17   Page 5 of 16
Notice of Removal
Exhibit A, Page 5 of 16

32. Koonce left other personal items on her desk and around her work space at the Office Building.

33. On October 14, 2016, Hume notified Koonce through email that Defendants accepted Koonce's "resignation" effective October 12, 2016.[4]

34. Koonce did not resign or otherwise act in a way that evidenced her intent to end the employment relationship.

35. Koonce repeatedly communicated to the Defendants that she did not resign.

36. Defendants refused to further explain their unfair and pretextual decision to Koonce, and despite repeated requests, have not provided Koonce with any "investigatory" findings.

37. Defendants never gave Koonce the opportunity to tell her side of the story during the investigation.

38. Records reviewed in Koonce's personnel file, which she requested and Defendants purportedly turned over in its entirety, do not corroborate P-Card accusations.

39. In addition to other damages owed to Koonce, Defendants refuse to provide Koonce commission payments owed, reimbursement for business-related advertising charges on Koonce's personal credit card, data plan reimbursement, and unpaid fuel charges.

---

[4] The letter is attached as **Exhibit C** ("Exit Letter").

COMPLAINT  Page 5 of 7
*Koonce v. Morris Communications and Morris Publishing*, Case No. 3AN-17_____CI

{11554-001-00392445;4}

40. At the time of her termination, Koonce had not secured alternate employment, as she reasonably expected she would return to work at the Peninsula Clarion.

41. Had Koonce intended to resign, she would have clearly communicated that intent to Defendants and sought alternate employment before resigning.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

42. Plaintiff incorporates all preceding paragraphs in this Count.

43. Defendants made contractual promises to Plaintiff.

44. Defendants had a duty to perform and, without legal excuse, defendant failed to perform as agreed in the contract.

45. Koonce suffered damages as a result of Defendants' breach, and Defendants are liable to Koonce for all damages and/or other appropriate relief.

### COUNT II
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

46. Plaintiff incorporates all preceding paragraphs in this Count.

47. In every employment contract in Alaska, there is implied a covenant of good faith and fair dealing.

48. Defendants had both a subjective and objective duty to act in good faith.

49. Defendants breached the covenant of good faith and fair dealing intentionally or by acting in a manner that a reasonable person would regard as unfair.

COMPLAINT Page 6 of 7
*Koonce v. Morris Communications and Morris Publishing*, Case No. 3AN-17_____-CI

{11554-001-00392445;4}

Case 3:17-cv-00072-TMB   Document 1-1   Filed 04/03/17   Page 7 of 16
Notice of Removal
Exhibit A, Page 7 of 16

50. Koonce suffered damages as a result of Defendants' breach of the covenant of good faith and fair dealing.

**RELIEF REQUESTED**

Plaintiff requests the following relief:

A. Judgment in an amount to be demonstrated at trial, exceeding $100,000.00.

B. An award of Plaintiff's costs and attorney fees; and

C. Further relief that the Court deems just and equitable.

ASHBURN & MASON, P.C.
Attorneys for Plaintiff

DATED: 2-23-17

By: _____
Jeffrey W. Robinson
Alaska Bar No. 0805038

ASHBURN & MASON p.c.
LAWYERS
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Tel 907.276.4331 • Fax 907.277.8235

COMPLAINT
Koonce v. Morris Communications and Morris Publishing, Case No. 3AN-17_____CI
Page 7 of 7

{11554-001-00392445;4}

Case 3:17-cv-00072-TMB   Document 1-1   Filed 04/03/17   Page 8 of 16
Notice of Removal
Exhibit A, Page 8 of 16



**PENINSULA CLARION**

P.O. Box 3009 • 150 Trading Bay, Suite 1 • Kenai, Alaska 99611
(907) 283-7551     FAX (907) 283-3299

October 12, 2015

Rebecca Koonce

    Via Email: beccakoonce@gmail.com

Dear Rebecca Koonce:

It is my pleasure to offer you the full-time position of Advertising Manager at the Peninsula Clarion Division of Morris Media Network, (Morris). We are confident that your experience and qualifications have prepared you for this challenging and important position with our organization. This letter describes the terms and conditions of the position that is being offered to you. If you accept this offer and meet the contingent requirements your employment with Morris will begin on or about 10/21/2015.

**Compensation**
Morris employees are paid bi-weekly, 26 times each year. Your starting annual compensation will be $65,000 salary per year, which will be paid bi-weekly. Your Bonus structure is dependent on you and the sales team results, which could be up to $20,000 per year. Your position with the company is classified as not exempt from being paid overtime compensation according to the standards set by the Fair Labor Standards Act.

**Benefits**
You will be eligible to participate in the Morris group health, dental, life, long term disability, and other benefits on January 1, 2016. We will discuss your benefits in greater detail as we get closer to your eligibility date.

**401(k)**
You will be enrolled in the Morris 401(k) plan at a 3% contribution level on 01/1/2016. Morris will match employee's 401(k) contributions at the following level: for an individual's first two percent of contribution, Morris will contribute 50 cents per dollar of individual contribution. Our retirement plan provider will be mailing some important information about your 401(k) options to your home.

**Paid Time Off**
You will receive 136 hours on January 1, 2016. This PTO is prorated based on your start date. Peninsula Clarion celebrates six paid holidays per year; New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day. The company also provides its employees with paid jury duty leave. On January first of each year, employees receive Paid Time Off, (PTO) to be used on a calendar year basis. The amount of PTO awarded is defined by company policy.

 A Morris Communications Corporation Newspaper

EXHIBIT A
Page 1 of 2

October 12, 2015
Page 2

### Eligibility
This offer is contingent on the successful completion of a pre-employment drug screen and Background/Credit report. Our testing facility is Beacon located in Kenai. You need to complete your substance screening test within 48 hours of signing this letter. You will need to take the lab slip found in the New Hire Paperwork link and your photo I.D. with you to the lab.

This letter replaces any oral or written promises made to you by anyone. In addition, your employment with Peninsula Clarion is "at-will" and this offer of employment is not intended to create a contract binding you or Peninsula Clarion to an agreement of employment for a specific period of time. Because of this, your employment can be terminated by you or by Peninsula Clarion at any time, for any reason, or for no reason, with or without notice.

Additionally, this offer is subject to satisfactory proof of your right to work in the United States by providing us a copy of your I.D. in accordance with federal law. Guidelines regarding the types of acceptable ID can be found in the New Hire Paperwork link.

### New Hire Paperwork
Return your signed offer letter, completed paperwork, and including copies of your I.D. to me via Facsimile or email or bring by my office by 10/15/2015. I look forward to working with you. If you have any questions, please call me at 907/335-1257.

### Orientation
Rebecca Koonce, we are very pleased to welcome you to Peninsula Clarion. During your first two weeks of employment you will be enrolled in comprehensive on-line training that will help ensure your success at Peninsula Clarion.

Please call me if you have any questions about this employment opportunity with Morris. We are excited about your new role with Peninsula Clarion. Kindly indicate your understanding and acceptance of this offer by signing below.

Sincerely yours,

Teresa Mullican
Human Resources
Confidential FAX (907) 395-4439
Phone: 907/335-1257

Agreed and Accepted,

_[signature]_ 10/11/15
Rebecca Koonce                Date

**Mullican, Teresa**

| | |
|---|---|
| From: | Sellers, Dawn |
| Sent: | Wednesday, October 21, 2015 11:55 AM |
| To: | Mullican, Teresa |
| Cc: | Access Controls |
| Subject: | RE: System Access Request Form.xls |

Ok, She has been corrected to chair # 10037917, Director in Sales.

*Dawn Sellers*

H2R Team Lead
NIIT Media Technologies
SAP HR/Payroll-Ceridian Support
1.800.233.1339, Option #3

---

**From:** Mullican, Teresa
**Sent:** Wednesday, October 21, 2015 3:42 PM
**To:** Sellers, Dawn
**Subject:** RE: System Access Request Form.xls

*No, Vitto has her with Salary of $65,000.00 plus commission.*

*He has changed all the sales reps to be salaried plus a commission.*

*I hope this makes sense..*

*Thank you,*

*Teresa Mullican*
*Office Manager | HR Director*
*Peninsula Clarion*
*150 Trading Bay, Ste 1*
*Kenai, AK 99611*
*Phone: 907|335-1257*

*Rebecca* (signature)

1

Morris Communications Company, LLC
Appendix F

Po

# System Access Request Form

Submit completed form to: access@morris.com
*User Information - * Full contact information is required. Incomplete forms will be returned to the Requestor.*
*Instructions for completing this form are found on the "Instructions" tab.*

Please allow four (4) days for completion of access set up.

- [x] Add
- [ ] Change
- [ ] Delete - For Delete, provide User's name

| | |
|---|---|
| User's Payroll Name* | Rebecca Koonce |
| User's Active Directory Name* | rebecca.koonce |
| Title or Position* | Sales Department Supervisor |
| Business Unit / Facility Name* | Peninsula Clarion |
| Phone Number* | 907-335-1247 |
| Email Address* | rebecca.koonce@peninsulaclarion.com |
| Date Requested* | 10/20/2016 |
| Requested By* | Terese Mullican |
| Requestor's Job Title* | HR/Controller |
| Valid From: | 10/20/2016 |
| Valid To: | |

**Additional Comments**

| SAP Systems Access Request | | Special Instructions |
|---|---|---|
| **Hire to Retire** <br> ___ Display <br> ___ Change <br> ** This section pertains to SAP HR/Payroll access. | Business Unit(s) | |
| [x] **Coridian** <br> ___ Cost Center - Full Access <br> [x] Cost Center - Limited Access | Cost Center(s) | 1044 <br> 1044020100 |
| [x] **Media Advertising Management (MAM)** <br> ** This section pertains to SAP Advertising access. | Business Unit(s) | 1044 <br> Sales Order Specialist, Display, Business Manager |
| **Media Sales & Distribution (MSD)** <br> ** This section pertains to SAP Circulation access. | Business Unit(s) | |
| **Material Management (MM-PRO400)** <br> ___ Production Director <br> ___ Other Production | Business Unit(s) | |
| [x] **Enterprise Buyer (EBP400)** <br> [x] Employee <br> ___ Employee w/Limit Order <br> ___ Approver | Approver <br> Approver <br> Approver for Cost Center(s) | Terese Mullican <br> Vito Kleinschmidt |
| [x] **SAP/Business Warehouse (PRD400/BWP)** <br> ** This section pertains to FINANCE BW Reports only. <br> [x] Department Manager <br> ___ Business Manager | Cost Center(s) <br><br> Reverse | 1044 - Advertising <br> 1044020100 |
| **Treasury Management** | Business Unit(s) | |
| **PBS:** <br> ___ Advertising <br> ___ Circulation | Business Unit(s) | |
| **BPC Planning & Consolidation** | Complete the appropriate section(s) on the BPC Planning & Consolidation tab. |

Access Form

EXHIBIT B
Page 2 of 2

Case 3:17-cv-00072-TMB   Document 1-1   Filed 04/03/17   Page 12 of 16 Notice of Removal
Exhibit A, Page 12 of 16



October 14, 2016

Ms. Rebecca Koonce
PO Box 647
Kenai, AK 99611

Dear Rebecca:

It is my understanding that you were in the Peninsula Clarion building the evening of October 12, 2016 to collect your personal items from the office.

I am writing to inform you that the Peninsula Clarion and Morris Communications accept your resignation from the Peninsula Clarion effective October 12, 2016. Your wages through October 12, 2016 will be paid on the next scheduled pay date, which is October 28, 2016.

It is critical you return your office keys to the Peninsula Clarion at your earliest convenience. Please make sure to contact me or Deedie McKenzie when you have done so.

I have gathered the information I felt would be most beneficial for your benefits and financial planning:

### Benefits
Health and Life Insurance benefits will end on October 31, 2016. *(NOTE: Benefits are valid through the last day of the month in which premiums were last taken.)* Insurance claims should be filed with United Healthcare (UHC) as soon as possible. Please be sure that if you need to have medications refilled that you do so now if possible, especially maintenance medications.

### COBRA
Because you are currently enrolled in the Morris benefits plan, you are eligible for up to 18 months of COBRA health care continuation. You will receive a COBRA information packet from UHC mailed to your home address. Expect receipt of this COBRA packet within two weeks following the end of your benefits coverage on October 31, 2016 Attached is a COBRA Information sheet which also details the costs. If you would like to contact the COBRA Division of United Healthcare please call 866-747-0048.

### Flexible Spending Accounts (FSA)
If you are participating in the company's Flexible Spending Account program (for healthcare or dependent child care), you have until October 31, 2016 to use your FSA money. *(NOTE: FSA account will become inactive on the same date that benefits cease.)* You will have the option of electing to continue using your FSA account through COBRA.

### Life Insurance
You have a right to convert your present life insurance to a personal policy. You will have 30 days from your benefits termination date of October 31, 2016 to convert this policy. If you have an interest in converting these polices, please contact MetLife at **(877) 275-6387**.

### 401(k)

If you are participating in the 401(k), the contributions to the plan are 100% yours. You will receive a letter from **John Hancock**, the 401(k) plan administrator, shortly after your termination date which will explain your options for your 401(k) account. If you wish to talk directly with a John Hancock representative, please call **(800) 294-3575**. If you are registered online, you can go to www.mylifenow.jhrps.com for more information about your 401(k) account.

### Reference Verification

If prospective employers call our office to verify your employment with us we will tell them the dates that you worked with us and your title. If you would like us to discuss other details of your employment, including verification of your salary, then we will need a written release from you.

### Forwarding Address

Lastly, if your address changes, please contact me at (907) 275-2110 or laurie.hume@morris.com so we may update our records.

Best Regards,

*Laurie Hume*
Laurie Hume
HR Director, AK Markets
Morris Communications
907-275-2110
laurie.hume@morris.com

Enclosure:
COBRA Rates 2016



| Morris Communications – Group 708715 COBRA RATES Effective January 1, 2016 ASC Coverage | | | |
|---|---|---|---|
| Participant Monthly Rates | | | |
| Level of Coverage | Medical Only | Dental Only | Medical & Dental |
| Employee Only | $ 534.00 | $29.85 | $563.85 |
| Employee + 1 | $983.00 | $59.38 | $1042.38 |
| Employee + 2 | $1634.00 | $100.28 | $1734.28 |

| COBRA CONTACT INFORMATION (866) 747-0048 |
|---|
| COBRA Participants should contact the Customer Care Center www.uhcservices.com Telephone: (866) 747-0048 Business Hours: 7:00 a.m. to 7:00 p.m. (CST) |
| COBRA Payments should be sent to: UHC Benefit Services P.O. Box 713082 Cincinnati, OH 45271-3082 |
| Written Communication should be sent to: UHC Benefit Services P.O. Box 221709 Louisville, KY 40252 COBRA_KYOperations@uhc.com |

